UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ERIC S. AIKENS,** | **Civil Action No. 17-3161 (JLL)** |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **DSG. JEOVANNY RODRIGUEZ, et al.,** | |
| **Defendants.** | |

**LINARES**, Chief District Judge:

Currently before the Court is the complaint of *pro se* Plaintiff, Eric S. Aikens. (ECF No. 1). As Plaintiff is a state prisoner who has been granted *in forma pauperis* status and seeks damages from a state employee, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, the Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim for relief.

**I. BACKGROUND**

Plaintiff, Eric S. Aikens, is a state pretrial detainee who seeks to sue several New Jersey State Police officers who he alleges "entrapped" him resulting in the criminal charges he now faces. (ECF No. 1 at 3-6). According to Plaintiff's complaint, a confidential informant provided the New Jersey State Police with "two stolen cars" recovered from a person named "Julian Atta-Poku," who had apparently taken the cars from a Hertz Rental facility. (*Id.* at 5). After "court authorized" monitoring devices were attached to the cars, on August 4, 2015, the state police provided these same two stolen cars to another confidential informant. (*Id.*). The second informant

1

thereafter brought the cars to Plaintiff, and gave the keys to the cars to Plaintiff so that he could "fence" the cars. (*Id.*). This interaction, in which the stolen cars were provided to Plaintiff for sale, was recorded at the "Jersey Garden Mall" in Elizabeth, New Jersey. (*Id.*). Based on these facts, Plaintiff states that Defendants, all of whom are police officers who were involved in this operation, committed "entrapment" against him. (*Id.*). Although Plaintiff also alleges that Defendants "made false statements and provided false evidence to get warr[a]nts" from a judge, Plaintiff provides no details beyond that conclusory statement in relation to these alleged falsehoods, and does not explain what warrants resulted from these statements. (*Id.* at 3-4).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a state prisoner suing a state official who has been granted *in forma pauperis* status.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232

(3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B. Analysis

Plaintiff seeks to make claims against defendants for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the

3

plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here, Plaintiff seeks to assert claims for false arrest and false imprisonment against several New Jersey State Police officers who he asserts entrapped him into receiving stolen cars.

False imprisonment and false arrest claims brought pursuant to § 1983 are two halves of the same coin which share the same necessary elements: that a plaintiff was arrested and incarcerated, and that his arrest was not based on probable cause. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995); *see also Berg v. Cnty. of Allegheny*, 219 F.3d 261, 268-69 (3d Cir. 2000); *Johnson v. Provenzano*, --- F. App'x ---, ---, 2016 WL 1459545, at *2-3 (3d Cir. Apr. 14, 2016). In his complaint, Plaintiff asserts that he was only arrested after a confidential informant provided him with two stolen cars which he apparently agreed to sell, all of which was captured on camera. Under those circumstances, the police clearly had probable cause to arrest, and in turn imprison, Plaintiff for his receipt and agreement to sell two stolen vehicles, and as such Plaintiff fails to state a claim on that basis. Likewise, to the extent that Plaintiff attempts to assert that his arrest arose out of false statements or evidence provided to a judge in order to secure warrants which led to his arrest,[1] Plaintiff has pled no more than a conclusory statement to that effect, and has otherwise pled facts suggesting that probable cause existed for his arrest, and he fails to state a claim for relief for false arrest or false arrest on that basis as well.

---

[1] It is not clear if Plaintiff's allegations address a warrant for his arrest or warrants which permitted some search or seizure, such as the placement of tracking devices on the stolen cars. Even if Plaintiff had intended these allegations to stand as a claim for an illegal search or seizure other than a false arrest, he would fail to state such a claim as he has provided no more than a conclusory allegation to suggest that any false statements or evidence were provided to a judge, and would thus fail to state a plausible claim for relief in any event. *See Iqbal*, 556 U.S. at 678 (conclusory allegations insufficient to state a claim for relief).

4

To the extent that Plaintiff seeks to raise entrapment as a theory of liability, his complaint still fails to state a claim for relief. While "[e]ntrapment may violate . . . the New Jersey Constitution" and act as a proper defense to criminal charges in state criminal proceedings, it generally does not represent a violation of the United States constitution sufficient to state a claim for relief under § 1983. *See Gaskins v. 17 Officers*, No. 09-1982, 2009 WL 4730189, at *6 (D.N.J. Dec. 4, 2009); *see also DiBlasio v. City of New York*, 102 F.3d 654, 656-57 (2d Cir. 1996). Alleged entrapment will only impugn the United States Constitution where it is "outrageous in form." *Johnson v. Koehler*, No. 14-1490, 2015 WL 1470948, at *12 (M.D. Pa. Mar. 31, 2015); *see also United States v. Twigg*, 588 F.2d 373, 378-79 (3d Cir, 1978). Alleged entrapment involving the sale of illegal goods, such as an unlawful drug sale, does not qualify as outrageous conduct and "is not of a constitutional dimension." *Johnson*, 20156 WL 1470948 at *12. A claim based on such conduct therefore fails to state a claim for relief under § 1983. *Id.* As Plaintiff alleges no more than the involvement of the police in the delivery of stolen goods to Plaintiff, which is similar in character to involvement in an illegal sale of goods, Plaintiff has not alleged sufficiently outrageous conduct, and has failed to state a claim for relief.[2]

---

[2] Even were Plaintiff to have made out a constitutional entrapment claim, case law suggests that such a claim would likely have to be dismissed under the *Younger* abstention doctrine which requires federal courts to abstain from hearing claims which concern ongoing state proceedings, such as state criminal proceedings. *See James v. Superior Ct.*, Nos. 07-3609 and 07-4683, 2008 WL 3850211, at *8 (D.N.J. Aug. 7, 2008); *see also Younger v. Harris*, 401 U.S. 37 (1971).

**III.  CONCLUSION**

For the reasons expressed above this Court will dismiss Plaintiff's complaint without prejudice in its entirety for failure to state a claim for which relief may be granted.  An appropriate order follows.

DATED:      July _18_, 2017

 

 

Hon. Jose L. Linares
Chief United States District Judge

6